Mowrer *v.* Poirier & McLane Corporation, Appellant.

Argued January 3, 1955; reargued May 3, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO, and ARNOLD, JJ

*Huette F. Dowling,* with him, *Dowling, Lock & Say,* and *Ralph C. Body, John C. Clemmens* and *Body, Muth, Rhoda & Stoudt,* for appellant.

*George R. Eves,* for appellee.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, May 23, 1955:

The controlling question is whether plaintiff is a third-party beneficiary of a contract between defendant and the Commonwealth of Pennsylvania.

The contract with the Commonwealth called for the construction by defendant, Poirier & McLane Corporation, of an impounding dam on the Schuykill River. Paragraph 21a provided that "The Contractor shall take out and maintain during the life of this contract, such Public Liability and Property Damage insurance as shall protect him, and any subcontractor performing work covered by this contract, from claims for damages for personal injury, including wrongful death, as well as from claims for property damages, which may arise from operations under this contract, whether such operations be by himself or by any subcontractor or anyone directly or indirectly employed by either of them. . . "

Defendant engaged the Hamilton Construction Company as one of the subcontractors on the job. Plaintiff was the owner of a tractor which, according to the case stated agreed upon by the parties, "was the subject matter of a bailment existing between the plaintiff, Clifford Mowrer, and the Hamilton Construction Company." While the tractor was being used by the latter in the course of its work under the subcontract with defendant it was damaged in some manner which does not appear in the record, causing plaintiff a loss of $4,250.00. Plaintiff brought suit against Hamilton Construction Company and obtained a verdict and judgment in that amount, but, as the case stated further sets forth, he "has made no recovery from said Hamilton Construction Company and no recovery on said judgment can be obtained." Plaintiff seeks in the present action to recover the amount of his loss from defendant, the general contractor, basing his alleged right on the provision of the contract above quoted which required defendant to take out property damage insurance. In pursuance of that obligation defendant *had* taken out a policy of insurance but there was an

exclusion clause therein which provided that the policy should not apply "to injury to or destruction of property owned, rented, occupied, or used by the insured and . . . of property in the care, custody, or control of the insured." The parties agree that by reason of this exclusion the policy did not cover the damage to plaintiff's tractor. The court entered judgment for the plaintiff. Defendant appeals.

The question in the case resolves itself to this:— For what purpose—for whose benefit—was the requirement of insurance inserted in the contract between defendant and the Commonwealth? Plaintiff points to the familiar cases which hold that where, for example, as in *Commonwealth v. Great American Indemnity Company,* 312 Pa. 183, 167 A. 793, the contractor in the agreement is obligated to pay all claims of subcontractors, materialmen and laborers, such claimants, as donee beneficiaries, can maintain actions against the contractor to recover the amounts due them, or where, as in *Keefer v. Lombardi,* 376 Pa. 367, 102 A. 2d 695, the contractor is obligated to pay the damages sustained by any persons during the performance of the work, a person whose property is thus injured can, as a third-party beneficiary, recover his damages from the contractor. But the insurance provision in the contract here involved is quite different from the obligations of the contractors in those cases to make the payments which were there specified.

In all cases of this sort the inquiry must be directed to the intention of the parties. It was said in *Spires v. Hanover Fire Insurance Company,* 364 Pa. 52, 56, 57, 70 A. 2d 828, 830, 831: "To be a third party beneficiary entitled to recover on a contract . . . both parties to the contract must so intend and must indicate that intention in the contract; in other words, a promisor cannot be held liable to an alleged beneficiary

of a contract unless the latter was within his contemplation at the time the contract was entered into and such liability was intentionally assumed by him in his undertaking; the obligation to the third party must be created, and must affirmatively appear, in the contract itself: . . . ." In 12 Am. Jur. 832, §280, it is stated that "The question whether a contract was intended for the benefit of a third person is always one of construction. The intention of the parties in this respect is determined by the terms of the contract as a whole, construed in the light of the circumstances under which it was made."

The language of the contract in the present case leads irresistably to the conclusion that the insurance provision was intended, not for the benefit of those who might be injured in their persons or their property, but for a wholly different purpose. The wording is that the contractor shall take out and maintain such public liability and property damage insurance *as shall protect him and any subcontractor from claims* for damages for personal injury and *from claims* for property damages. The object as thus stated was not, as in the case of the contracts in the cases referred to by plaintiff, that the contractor should *pay* certain claims, but, on the contrary, that *he and the subcontractors* should be protected *from* certain claims. The reason for such a provision is that if claims for personal injuries or property damage should be made against the contractor or a subcontractor it might result in their own property being attached or levied upon in execution and their being rendered thereby unable to continue the performance of the work under their respective contracts. What the Commonwealth therefore sought to establish, through the medium of adequate insurance coverage, was the immunity of the contractor and subcontractors from such liability

so as to make certain that the work would be completed in accordance with the contract. To repeat, therefore, the object of the insurance provision and the intention of the parties was to *protect* the contractor and subcontractors *from* claims for personal injuries and property damages,—not to compel them to *pay* such claims for the benefit of the claimants. It is, of course, true that the insurance provision in the agreement accrued to the benefit of the plaintiff, not, however, as a donee beneficiary and as such entitled to a right of action against the defendant for failure to procure a proper policy, but merely as an *incidental* beneficiary, and such a beneficiary acquires no right of action against either party to the agreement: Restatement Contracts, §133(c), §147.

The provision in paragraph 37 of the agreement between the defendant and the Commonwealth that the contractor should indemnify and save the Commonwealth and its officers and agents harmless from all suits in connection with the work, and should, if required, show evidence of settlement of any such action before final payment is made by the Commonwealth, is further evidence of the fact that the sole purpose underlying the agreement was to protect the Commonwealth against any stoppage or nonperformance of the work.

It may also be added that paragraph 14 of the agreement, which provided that *materialmen and laborers* might have a right of action against the contractor and the surety on his bond as though they had been named as obligees therein, shows that when the parties *intended* to create third party beneficiaries they manifested such intention in express and unambiguous terms.

The judgment is reversed and here entered for defendant.

DISSENTING OPINION BY MR. JUSTICE JONES:

The majority opinion utterly ignores the crucial and indisputable fact that had the defendant contracting company taken out the type of broad coverage liability insurance policy which, by the contract with the Commonwealth, the defendant was expressly obligated to do, the plaintiff would have been entitled to indemnity under such insurance policy for the property damage he suffered. No one can deny that, and the majority opinion makes no attempt to treat with it.

The contract between the Commonwealth and the defendant contractor for the construction of an impounding dam on the Schuylkill River provided in presently material part in paragraph 21a that "The Contractor shall take out and maintain during the life of this contract, such . . . Property Damage insurance as shall protect him, and any subcontractor performing work covered by this contract, from claims . . . for property damages, which may arise from operations under this contract, whether such operations be by himself or by any subcontractor or anyone directly or indirectly employed by either of them."

The contractor breached that specific undertaking. Not only did the contractor not take out the broad coverage liability policy the Commonwealth had thus formally required, but it actually did not take out any insurance at all pursuant to its express contractual undertaking. The *only* liability insurance policy that the contractor carried was one for limited liability which it had taken out more than six months prior to the time it entered into the construction contract with the Commonwealth. And, strange as it may seem, it is according to the terms of the old limited liability policy and not according to the defendant's engagement with the Commonwealth to insure against prop-

erty damage to third persons that the majority now determines defendant company's non-liability to the plaintiff.

The damage-inflicting subcontractor was Hamilton Construction Company to which the defendant had sublet performance of certain operations of the construction job. For use in such work, Hamilton Construction Company leased a tractor from Mowrer, the plaintiff. While being used by the subcontractor in furtherance of the construction work, the tractor was damaged to the extent of $4,250. Mowrer obtained a default judgment for that amount against the subcontracting company which turned out to be execution-proof. It is agreed all round that, by reason of an exclusionary clause in the old limited liability policy which the defendant did carry, the plaintiff's loss is not covered. By this action in assumpsit the plaintiff seeks to recover the amount of his loss, not from the contractor's insurer, but from the contractor itself, because of the contractor's breach of its contract with the Commonwealth in failing to take out and maintain such property damage insurance as would compensate plaintiff for his loss, the damages to be measured by the amount of the subcontractor's liability to the plaintiff for the destruction of his tractor.

The learned court below held that the plaintiff was a third party donee beneficiary of the construction contract between the Commonwealth and the defendant, that the contractor improperly failed to secure property damage insurance covering a loss such as the plaintiff's, and that the contractor was therefore directly liable to the plaintiff.

The question thus presented on the defendant's appeal is whether the plaintiff is a third party donee beneficiary entitled to bring suit on the construction contract and is to be resolved by application of the

general principles of law set forth in Chapter 6 of the Restatement of Contracts, §133 et seq., adopted by this court in *Commonwealth v. Great American Indemnity Co.,* 312 Pa. 183, 167 A. 793. Chapter 6 of the Restatement of Contracts, which is entitled "Contractual Rights of Persons Not Parties to the Contract," delineates the circumstances under which one who is not privy to a contract may nevertheless have recovery thereunder. Compare the holding of *Commonwealth v. Great American Indemnity Co.,* supra, with the priorly existing rules as expressed in *Greene County v. Southern Surety Co.,* 292 Pa. 304, 141 A. 27. Section 133 of the Restatement categorizes the beneficial interests of third persons, not parties to the contract, as either *donee, creditor* or *incidental* and states that "Where performance of a promise in a contract will benefit a person other than the promisee, that person is . . . a *donee beneficiary* if it appears from the terms of the promise in view of the accompanying circumstances that the *purpose of the promisee* in obtaining the promise of all or part of the performance thereof is to make a gift to the beneficiary or to confer upon him a right against the promisor to some performance neither due nor supposed or asserted to be due from the promisee to the beneficiary . . ." (Emphasis supplied). A gift promise in a contract creates a duty of the promisor to the donee beneficiary to perform the promise, which duty, so imposed, can be enforced by the beneficiary for his own benefit: Restatement, Contracts, §135(a).

The question is simply one of intention. And, while it has been said that it is the intention of *the parties* to the contract which must be sought (see *Spires v. Hanover Fire Insurance Company,* 364 Pa. 52, 56, 70 A. 2d 828), in reality, it is *the purpose of the promisee* who extracts the promise for the benefit of the third

party that is controlling. See Restatement, Contracts, §133. The promisor assents to the promisee's requirement in such regard only because it desires to secure the benefits accruing to it under the contract: 4 Corbin, Contracts, §776, p. 16.

It has been suggested that the Commonwealth's motive in exacting the promise of the contractor to carry property damage insurance was not to confer a benefit on third persons but to assure prompt and faithful performance of the contract. The suggestion is manifestly specious. The Commonwealth had ample assurance of satisfactory performance by virtue of the bond which the contract required the contractor to furnish "in the sum equal to one hundred per centum (100%) of the total contract price of the work to be done to secure proper compliance with the terms and provisions of this contract."

What, then, was the Commonwealth's purpose in exacting the defendant's promise to take out and maintain liability insurance against claims "for property damages, which may arise from operations under [the construction] contract, whether such operations be by [the contractor] himself or by any subcontractor or anyone directly or indirectly employed by either of them"? It was to make sure that no one should suffer any damage through the execution of the public work by a private contractor and not be compensated therefor. Injured workmen were expressly protected. The contract required the contractor to accept and insure liability under the terms of the Workmen's Compensation Act. The contractor was further required to post a bond adequate to insure prompt payment "for all material furnished and labor supplied or performed in the prosecution of the work." And, the insurance required by paragraph 21a of the contract was to secure payment of damages to anyone injured in person

or property through the operations under the construction contract. To say now that the plaintiff is not within the protected class contemplated by paragraph 21a of the contract is bluntly to disregard the plain intendment of the Commonwealth as expressed in the construction contract. The sound public policy of protecting laborers and materialmen on public work has long since been developed and respected and, by the terms of the construction contract in suit, it was the intention of the Commonwealth that the protection be extended to claimants generally for injury suffered through the construction of the public work.

I would affirm the judgment for the plaintiff.

Mr. Justice CHIDSEY joins in this dissenting opinion.

Mr. Justice MUSMANNO dissents.