## Manor Shopping Center Merchants Association, Inc. v. Ever Fast Fabrics, Inc.

402

*George J. Morgan* and *Appel, Ranck, Herr & Appel,* for plaintiff.

*Geisenberger, Pfannebecker & Geisenberger,* for defendant.

WISSLER, P. J., November 13, 1964.—Defendant on October 7, 1960, entered into an agreement of lease with Manor Centers, Inc., leasing to defendant a one-story storeroom in the Manor Shopping Center, Lancaster Township, Lancaster County, Pa., for a term of five years from July 1, 1961, which contained, inter alia, the following provision: "Section XXVIII—If the Landlord so requests, the Tenant will become and remain a member in good standing in any Merchants' Association which may be organized in connection with the Shopping Center and further agrees to abide by any rules or regulations promulgated by such Association. The Landlord agrees to likewise become a member of said Merchants' Association if so requested by the Tenants of said Shopping Center."

Plaintiff, Manor Shopping Center Merchants Association, Inc., in its complaint alleges, inter alia, as follows: "(3) On October 7, 1960, the Defendant, Ever Fast Fabrics, Inc., entered into an Agreement or Lease with Manor Centers, Inc., whereas and whereby Manor Centers, Inc., let unto the Defendant, Ever

Fast Fabrics, Inc., a one story storeroom containing 4,000 square feet of the first floor area and 1,000 square feet of basement area located in the Manor Shopping Center, Lancaster Township, Lancaster County, Pennsylvania, all of which is more particularly described in an Exhibit attached to said lease which has been marked Exhibit 'A' attached hereto and made a part hereof; (8) At the time the Defendant, Ever Fast Fabrics, Inc. joined the Association, the Association was governed by a set of by-laws, a copy of which has been marked Exhibit 'B' which is attached hereto and made a part hereof; (9) Under Section 2(a) of Article II of the By-Laws of the Association, the Defendant, Ever Fast Fabrics, Inc. is a 'General Member' as that term is defined therein; (10) As a 'General Member' the Defendant, Ever Fast Fabrics, Inc., is subject to the 'dues' provisions set forth in Article III of the Association's By-Laws; (11) Section I, Article III of the By-Laws requires 'General Members' to pay an annual dues assessment of $10.00; (12) Section 4, Article III of the By-Laws requires 'General Members' to pay their share of a special annual assessment to be made by the Association to cover the costs of a promotional and advertising budget; (13) The share which a 'General Member' was to pay was to be determined by an equitable system, which system had to be approved and passed on by two-thirds ($\frac{2}{3}$) of the Association; (14) At least two-thirds ($\frac{2}{3}$) of the Association determined the equitable system to be $1.25 per front foot of the premises leased by 'General Member' from Manor Centers, Inc.; (15) The Association subsequently determined that the Defendant, Ever Fast Fabrics, Inc.'s equitable share of the annual assessment was $1.25 per front foot for a 40 front foot store or $50.00 per month or $600.00 per year; and (19) Manor Centers, Inc., has performed all

the terms and conditions imposed on it by the Agreement of Lease referred to in Paragraph 3 hereof."

Defendant filed preliminary objections to the complaint, but the issue is raised by defendant's preliminary objection 1 which is that "plaintiff has failed to join an indispensable party plaintiff, Manor Centers, Inc. Defendant avers that its only contractual obligations are with Manor Centers, Inc."

According to the complaint, and which for present purposes must be admitted to be true, it is averred: "(6) In August of 1962 a Merchants' Association, called the Manor Shopping Center Merchants Association, subsequently incorporated as the plaintiff herein, was organized in connection with the Manor Shopping Center; (7) On or about the time the Manor Shopping Center Merchants Association was formed the Defendant, Ever Fast Fabrics, Inc., voluntarily paid a $10.00 membership fee and thus joined the said Association; and (16) The Defendant, Ever Fast Fabrics, Inc., failed to pay its monthly assessments whereby Manor Centers, Inc., Landlord, informed it by a letter dated December 19, 1962, directed to its manager, Mr. J. Greenstein, of the provisions of Section XXVIII of the Agreement of Lease and specifically requested it to maintain its membership in the Association and to abide by the rules and regulations thereof, which included the payment of assessments."

The sole question before the court is whether plaintiff is a third party beneficiary under the lease agreement dated October 7, 1960, between Manor Centers, Inc. (landlord), and Ever Fast Fabrics, Inc. (tenant), whereby it can bring the present action in its own name without joining Manor Centers, Inc., as an indispensable party.

Under Pennsylvania Rule of Civil Procedure 2227, only persons having a joint interest in the subject matter of an action must be joined on the same side. In

Powell v. Shepard, 381 Pa. 405, it is stated by Mr. Justice Jones, at page 412: ". . . a party is indispensable where his rights are so connected with the claims of the litigants that no decree can be made between them without impairing such rights."

Plaintiff has sued also on the theory that it is a third party beneficiary who may enforce the promise for its benefit contained in section XXVIII of the lease between Manor Centers, Inc. (landlord), and defendant (tenant) therein. The law on the subject has been crystallized in section 133 of the Restatement, Contracts as follows: "(1) Where performance of a promise in a contract will benefit a person other than the promisee, that person is: . . . (a) a donee beneficiary if it appears from the terms of the promise in view of the accompanying circumstances that the purpose of the promisee in obtaining the promise of all or part of the performance thereof is to make a gift to the beneficiary or to confer upon him a right against the promisor to some performance neither due nor supposed or asserted to be due from the promisee to the beneficiary; (b) . . .; (c) an incidental beneficiary if neither the facts stated in Clause (a) nor those stated in Clause (b) exist." It is clear that this rule is a part of the law of Pennsylvania. In Mowrer v. Poirier & McLane Corporation, 382 Pa. 2, at pages 5 and 6 of the opinion, it is stated: " 'To be a third party beneficiary entitled to recover on a contract . . . both parties to the contract must so intend and must indicate that intention in the contract; in other words, a promisor cannot be held liable to an alleged beneficiary of a contract unless the latter was within his contemplation at the time the contract was entered into and such liability was intentionally assumed by him in his undertaking; the obligation to the third party must be created, and must affirmatively appear, in the contract itself: . . .' In 12 Am.

Jur. 832, §280, it is stated that 'The question whether a contract was intended for the benefit of a third person is always one of construction. The intention of the parties in this respect is determined by the terms of the contract as a whole, construed in the light of the circumstances under which it was made.' " Likewise, it was held in Burke v. North Huntingdon Township, 390 Pa. 588, that to be a third party beneficiary entitled to recover on a contract it is not enough that it be intended by one of the parties to the contract and the third person that the latter should be a beneficiary, but both parties to the contract must so intend and must indicate that intention in the contract. An incidental beneficiary acquires by virtue of the promise no right against the promisor or the promisee: Restatement, Contracts, §147.

Applying these rules to the instant case was it the purpose of both the landlord, Manor Centers, Inc., and defendant-tenant under section XXVIII of the lease of October 7, 1960, to confer upon plaintiff, Manor Shopping Center Merchants Association, Inc., the right to recover from defendant its membership and monthly assessment for its equitable share of the promotional and advertising budget for the period of September, 1962 through February, 1964, and does section XXVIII of the lease of October 7, 1960, affirmatively disclose such an intention upon the part of both the landlord, Manor Centers, Inc., and tenant-defendant, Ever Fast Fabrics, Inc.? This court feels it does. The intent of section XXVIII of the lease was to confer the right on any Merchants Association which may be organized in connection with the Manor Shopping Center and contemplated the plaintiff's coming into existence after the lease was executed as alleged in paragraphs 6, 7 and 16 of the complaint. Furthermore, Section 139 of the Restatement, Contracts, provides that "It is not essential to the creation of a right in a

donee beneficiary or in a creditor beneficiary that he be identified when a contract containing the promise is made."

And now, November 13, 1964, for the foregoing reasons defendant's preliminary objections to plaintiff's complaint are dismissed with leave granted to defendant to file an answer within 20 days from this date, if it elects to do so.