## Bangor Gas Company v.
## Rosdor Construction Corporation

*John C. Hambrook,* for plaintiff.
*Norman Seidel,* for defendant.

WILLIAMS, J., March 27, 1972.—This matter is before the court upon defendant's rule to show cause why arbitration proceedings instituted by plaintiff before the American Arbitration Association should not be canceled and rendered void.

On December 28, 1970, plaintiff filed summonses in trespass and assumpsit to the above term and numbers against defendant for alleged claims in connection with the installation of sewers by Rosdor in the Borough of Roseto. On the same date, the gas company filed a demand for arbitration under the Commercial Arbitration Rules of the American Bar Association seeking relief for the same claims.

On January 28, 1971, Rosdor obtained the present rule to show cause why the arbitration proceedings should not be cancelled. Plaintiff filed an answer to the rule and the parties have filed a stipulation which sets forth the issue before the court. In that stipulation, it appears that on September 19, 1968, Rosdor

entered into an agreement with Roseto Borough Sewer Authority for the installation of a sanitary sewer system in the borough. A copy of the contract is included in the stipulation by reference. Paragraph 50 of the general conditions of the construction agreement provides:

"Any controversy or claim arising out of, or relating to this contract or the breach thereof, shall be settled by arbitration in accordance with the Rules of the American Arbitration Association and judgment upon the award rendered by the arbitrators may be entered in any Court having jurisdiction."

Disputes arose between the sewer authority and Rosdor which were referred to arbitration in accordance with the foregoing clause and an award was rendered on February 3, 1971.

The gas company alleges that Rosdor negligently damaged its gas mains and sewers during installation of the sewer system. Rosdor alleges by way of counterclaim that the gas company impeded its work and is liable to it for damages.

The gas company initiated an assumpsit action and the arbitration proceedings under the theory that it is a third-party beneficiary of the construction agreement between Rosdor and the sewer authority by virtue of paragraph 2 of the general conditions, which provides, inter alia:

"The Contractor shall take all responsibility for the work done under this contract, for the protection of the work, and for preventing injuries to persons and damage to property and utilities on or about the work. . . . The Contractor shall assume the defense of all claims of whatsoever character against the Contractor or the Owner, and indemnify, save harmless and insure the owner . . . against all claims arising out of injury or damage to persons, corpora-

tions or property, whether said claims arise out of negligence or not, or whether said claims are for unavoidable damage or not . . ."

The issue before us is whether the gas company may take advantage of the arbitration provision of the construction agreement or is limited to its remedies at law. We hold that plaintiff is not entitled to arbitration of its claims under the contract.

In arriving at our conclusion, we need not determine whether plaintiff is a third-party beneficiary of defendant's contract with the sewer authority [1] because, even if we assume the validity of that position, it does not establish plaintiff's right to invoke the arbitration clause.

Initially, it should be noted that the court has the power to determine whether there is an arbitration agreement existing and binding upon the parties: Schoellhammer's Hatboro Manor, Inc. v. Local Joint Executive Board of Philadelphia, 426 Pa. 53; Goldstein v. International Ladies', Garment Workers' Union et al., 328 Pa. 385. While it is generally true that contracts providing for the settlement of disputes arising thereunder by arbitration are valid and enforceable (8 P.L.E., Contracts, §340), it is equally true that such agreements are to be strictly construed and cannot be extended by implication beyond the terms agreed upon or to relinquish trial by jury: Emmaus Municipal Authority v. Eltz, 416 Pa. 123.

The language of the arbitration clause in this construction contract is broad; however, we are unable to discern any specific words or intent by the parties to the contract to include third parties such as plain-

---

[1] See Keefer v. Lombardi, 376 Pa. 367. Compare Mowrer v. Poirier & McLane Corp., 382 Pa. 2; Burke v. North Huntington Township, 390 Pa. 588, 598.

tiff within the benefit [2] of the arbitration clause. Diligent research by counsel and the court provides no authority for plaintiff's contention. In our view, the purpose of an arbitration clause such as the one in question is to settle disputes between the parties to a contract relating to its performance or breach and not to serve the interest and benefit of third parties who might have claims against the contracting parties. Indemnity clauses such as the present one are common in construction contracts, particularly those involving a governmental body. There is no basis in law or in fact to hold by implication that the mere insertion of both such clauses in a contract constitutes a relinquishment by the contractor of its right to jury trial upon third party claims. See Warren-Ehret Co. v. Byrd, 220 Pa. 246; J. S. Cornell & Son v. Rosenwald, 339 Pa. 18.

## ORDER OF COURT

And now, March 27, 1972, defendant's rule to show cause is made absolute and the arbitration proceedings instituted by plaintiff on December 28, 1970, before the American Arbitration Association are declared to be void and of no effect.

---

[2] At oral argument counsel for Rosdor intimated that neither of the alleged values of commercial arbitration, economy and speedy disposition, were realized in the arbitration proceedings between the contracting parties.