## Jones v. Sparky's Motorcycle Sales and Service, Inc.

*Martin D. Cohen,* for plaintiffs.
*Robert C. Brown, Jackson Sigmon* and *F. Gallagher,* for defendants.

FREEDBERG, *J.*, March 16, 1983—This matter is before the court for disposition of various preliminary objections filed by defendants Eck, Kellow & Company, Inc. and Frederick C. Barr, Ann Marie Barr, and Barr's Place to the complaint in trespass. The complaint contains allegations that plaintiff Helene Jones, a pedestrian, was struck by a motorcycle operated by one Douglas Albert Fenical, and that she sustained various injuries. It is averred that plaintiffs Helene Jones and her husband, "were unable to assert a claim against the operator of the motorcycle, Douglas Albert Fenical, in that there was no insurance available for such claims." Plaintiffs then asserted claims: against Sparky's Motorcycle Sales and Service, Inc. on the theory that it breached a statutory duty imposed upon inspection stations to determine that Fenical had motor vehicle insurance, against the Barrs on the theory that they served a visibly intoxicated Fenical at their tavern, against Public Service Mutual Insurance Company on the theory that it misled or erroneously informed Fenical that he was covered by a motor vehicle insurance policy by failing to notify the Department of Transportation that Fenical's policy had been terminated prior to the accident, and against defendant Eck, Kellow & Company, Inc. on the theory that it had either misled or failed to communicate to Fenical the fact that the liability policy which it sold to Fenical lapsed after six months coverage rather than one year's coverage. Interestingly, plaintiffs asserted no cause of action against Fenical who was joined as an additional defendant by the original defendants Frederick C. Barr, Ann Marie Barr, and Barr's Place on the theory that Fenical's negligence in operating his motorcycle caused the injuries.

## PRELIMINARY OBJECTIONS OF ECK, KELLOW & COMPANY

Defendant Eck, Kellow & Company has filed preliminary objections in the nature of a demurrer alleging that it owed no duty to plaintiff and therefore is not liable for injuries which she sustained by virtue of the negligence of the uninsured Fenical. The applicable standards for ruling upon a demurrer were set forth in Sinn v. Burd, 486 Pa. 146, 404 A.2d 672 (1979), as follows:

"It is axiomatic in the law of pleading that preliminary objections in the nature of a demurrer admit as true all well and clearly pleaded material, factual averments and all inferences fairly deducible therefrom. Yania v. Bigan, 397 Pa. 316, 155 A.2d 343 (Pa. 1959); Byers v. Ward, 361 Pa. 416, 84 A.2d 307 (1951). Conclusions of law and unjustified inferences are not admitted by the pleading. Lerman v. Rudolph, 413 Pa. 555, 198 A.2d 532 (1964). Starting from this point of reference, the complaint must be examined to determine whether it sets forth a cause of action which, if proved, would entitle the party to the relief sought. If such is the case, the demurrer may not be sustained. On the other hand, where the complaint fails to set forth a cause of action, a preliminary objection in the nature of a demurrer is properly sustained. . . ."

The issue presented by the preliminary objections is whether an insurance agent is liable to a third party injured by the negligence of an individual who contracted with the agent for liability coverage but did not receive such coverage because of the negligence of the agent. Eck, Kellow & Company contends that it owes no duty to the injured third party and, thus, may not be held liable in a suit brought directly by the third party. Plaintiff, on the other

hand, relying on Lyngarkos v. Commonwealth of Pennsylvania, Department of Transportation, 57 Pa. Commw. 121, 426 A.2d 1195 (1981), argues that there is such a duty. Our analysis leads us to conclude that the demurrer must be sustained.

In Lyngarkos, the Commonwealth Court held that a guest passenger who was injured while traveling in a vehicle not covered by no-fault insurance coverage[1] has a cause of action against a car dealer which issued temporary registration card and plates for the vehicle without first obtaining proof of no-fault insurance coverage. The court relied upon a section of the Vehicle Code, Act of June 17, 1976, P.L. 162, as amended, 75 Pa. C.S. § 1305(a) which requires that an application for registration of a motor vehicle be accompanied by proof of insurance, and regulations of the Department of Transportation requiring that auto dealers who act as agents of the department to issue temporary registration cards and plates inspect all documents necessary for the proper registration of a motor vehicle. The court noted:

"There is thus created a statutory duty on the part of the dealer to ascertain that the applicant for temporary registration cards and plates has the required No-fault insurance. This duty is meant to protect all motorists by insuring that they will have recourse to the comprehensive, expeditious and equitable No-fault insurance coverage required of all motorists." 426 A.2d at 1198. Based thereon the court permitted Lyngarkos' action against the dealer for the equivalent of the no-fault benefits that he would have been entitled to had the dealer performed his duty.

---

1. See the Pennsylvania No-fault Motor Vehicle Insurance Act, Act of July 19, 1974, P.L. 489, § 101 et seq., 40 P.S. § 1009. 101 et seq.

We believe that the Lyngarkos decision is inapposite to the instant situation for Lyngarkos is premised upon the existence of a statutorily created duty. There is no equivalent statutory duty to protect third parties imposed upon independent agents such as Eck, Kellow & Company. The focus then becomes whether there is some other basis for imposing such a duty upon the insurance agent. We find none.

Plaintiffs' contention appears to be that an injured person is a third party beneficiary of an agreement between the tort-feasor and an insurance agent to obtain insurance coverage. This contention has no support in applicable precedent. As noted in 44 Am Jur 2d, Insurance, Section 1445, the general rule is that there is no privity between an injured person and the tort-feasor's liability insurer and the injured person has no right of action at law against the insurer.

To bestow the status of third party beneficiary entitled to recover on a contract, both parties to the contract must so intend and must indicate that intention in the contract.[2] Silverman v. Food Fair Stores, Inc., 407 Pa. 507, 180 A.2d 894 (1962); Burke v. North Huntingdon Township, 390 Pa. 588, 136 A.2d 310 (1957). "The question whether a contract was intended for the benefit of a third person is one of construction. The intention of the parties in this respect is determined by the terms of the contract as a whole, construed in the light of circumstances under which it was made." 12 Am Jur, Contracts, Section 20, page 832 Section 280, cited in

---

2. Pa. Liquor Control Board v. Rapistan, Inc., 472 Pa. 36, 371 A.2d 178 (1976) places in doubt the requirement that designation of a party as a third party beneficiary be expressed in the contract itself.

Mowrer v. Poirier & McClain Corporation, 382 Pa. 2, 114 A.2d 88 (1955). Applying this test in Silverman, the court determined that an agreement to maintain general liability insurance does not confer third party beneficiary status upon an injured individual who, therefore, has no right of action against the party who fails to obtain the liability coverage. See Burke v. North Huntingdon Township, supra; see also Folmar v. Shaffer, 232 Pa. Super. 22, 332 A.2d 821 (1974) which notes at 823, "The law is settled that 'in the absence of a statute or a policy provision on which such right may be predicated, a person may not maintain a suit directly against the insurer to recover on a judgment rendered against the insured.' " Thus, even if Eck, Kellow & Company negligently failed to advise the alleged tortfeasor that the policy would expire in six months rather than a year, it owed no duty based upon statute or common law to the injured third party. Hence, the demurrer of Eck, Kellow & Company must be sustained.

## PRELIMINARY OBJECTIONS OF FREDERICK C. BARR, ANN MARIE BARR, AND BARR'S PLACE

Defendants Frederick Barr, Ann Marie Barr, and Barr's Place filed preliminary objections in the nature of a motion to strike paragraph 17 of plaintiffs' complaint which states as follows:

"The plaintiffs, Helene Jones and Norman Jones, as a result of the negligence of the defendant, were unable to assert a claim against the operator of the motorcycle, Douglas Albert Fenical, and that there was no insurance available for such claims."

Defendant referred to is Sparky's Motorcycle Sales and Service, Inc., which is alleged to have performed an inspection without determining that the

vehicle was insured. In asserting the claims against Sparky's and Public Service Mutual Insurance Company, plaintiffs rely on the decision in Lyngarkos, supra.[3] "Facts not material to the issue are impertinent and if reproachful, are scandalous." Goodrich-Amram 2nd Section 1010(b):8. Clearly, the absence of insurance is relevant to a claim premised upon the Lyngarkos theory. Thus, the motion to strike for impertinent and scandalous matter is denied.

Defendants' remaining preliminary objection seeks a more specific pleading to provide information pertaining to damages, including what amounts, if any, have been received from a no-fault insurance carrier for basic loss benefits. This information is available through discovery and need not be pleaded.

Plaintiffs' request in their brief for assessment of counsel fees and costs against defendants Frederick C. Barr, Ann Marie Barr, and Barr's Place is denied. While defendants have not prevailed on their preliminary objections, plaintiffs characterization thereof as frivolous is rejected. See 42 Pa. C.S. §2503.

Wherefore, we enter the following

## ORDER OF COURT

And now, this March 16, 1983, the preliminary objections of defendants Frederick C. Barr, Ann Marie Barr, and Barr's Place are denied. The preliminary objection in the nature of a demurrer of defendant Eck, Kellow & Company, Inc. is sustained.

---

3. Neither Sparky's nor Public Service have filed preliminary objections testing the applicability of the Lyngarkos theory to the facts pleaded in the instant case.

Plaintiff is granted leave to plead over against Eck, Kellow & Company, Inc. within 20 days from the date of this order. Defendants Frederick C. Barr, Ann Marie Barr, and Barr's Place are granted leave to file a responsive pleading within 20 days from the date of this order.