Silverman, Appellant, *v.* Food Fair Stores, Inc.

508

Argued April 27, 1962. Before BELL, C. J., JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Norman Shigon,* for appellants.

*S. Robert Levant,* with him *Manuel Sidkoff,* and *Ehrenreich, Sidkoff, Edelstein, Shusterman & Adis,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, May 21, 1962:

Wife appellant sustained personal injuries when she fell on the parking lot adjacent to appellee's market. Appellee occupied the premises under a lease from Mid-Atlantic Properties, Inc., the pertinent portions of which are as follows:

"Tenant shall, at its own cost and expense make all repairs and replacements necessary to keep and maintain demised premises in reasonably good condition and repair, . . . . Tenant agrees that it will, at its own cost and expense, comply with and conform to all laws, ordinances, rules, regulations and requirements . . . for the correction, prevention and abatement of nuisances, violations and other grievances. . . .

". . . Tenant shall indemnify and save harmless Landlord from any and all liability, damage, expense,

cause of action, suits, claims or judgments arising from injury or death to person or damage to property upon demised premises or upon the adjoining streets and sidewalks, of every nature, arising out of the use, occupancy, management or control of demised premises by Tenant. . . . Tenant agrees that it will, at all times during the term hereof, maintain and pay for general liability insurance insuring both Landlord and Tenant, . . . ."

Appellants commenced an action of assumpsit against appellee alleging that they were third-party beneficiaries of the contract of lease between appellee and Mid-Atlantic and that appellee had breached the contract by failing to make repairs, abate nuisances, indemnify Mid-Atlantic and pay appellants for their claims. Appellee filed preliminary objections to the complaint in the nature of a demurrer, which were sustained, the complaint dismissed and judgment entered for appellee.[*] It is from the entry of judgment for appellee in this assumpsit action that appellants appeal.

The sole issue to be determined is whether appellants are third party beneficiaries to the contract of lease between appellee and its lessor. For anyone to be a third party beneficiary entitled to recover on a contract both parties to the contract must so intend and must indicate that intention in the contract. *Spires v. Hanover Fire Ins. Co.*, 364 Pa. 52, 70 A. 2d 828 (1950) ; *Burke v. North Huntingdon Twp.*, 390 Pa. 588, 136 A. 2d 310 (1957). "The question whether a contract was intended for the benefit of a third person is one of construction. The intention of the parties in

---

[*] Appellants also filed an action of trespass which remains undisposed of. The demurrer was sustained, not because of two actions being filed, but because the court below held that assumpsit did not lie. See: *Cunningham v. Joseph Horne Co.*, 406 Pa. 1, 176 A. 2d 648 (1961).

this respect is determined by the terms of the contract as a whole, construed in the light of the circumstances under which it was made." 12 Am. Jur., Contracts, §20, p. 832, §280, cited in *Mowrer v. Poirier & McLane Corp.*, 382 Pa. 2, 114 A. 2d 88 (1955).

There is nothing in the terms of the contract, construed in the light of the circumstances under which it was made, which leads to the conclusion that the parties intended it to benefit anyone but themselves. The learned court below, in its opinion sustaining the demurrer, aptly asked and answered the controlling question as follows: "Can it be that this landlord and this tenant had the notion that their contract include a husband whose wife was injured on the leased premises, or even the injured wife. The present lease-contract does not contemplate or touch such beneficence to a third party as beneficiary. Rather, the intent is to benefit only the landlord in certain circumstances by holding him free from liability. The landlord is the one to be indemnified of any liability he might brace against."

A careful scrutiny of the instrument sued upon convinces us that the court below correctly decided that: "Here, the tenant and landlord agreed that if the landlord is sued, the tenant will protect and defend and pay, if liable, and to make sure of the effectuation of any contingency the tenant was to get a 'liability policy.' It is an agreed sequence and consequence in the thread of relationship as landlord and tenant; it means that and not more. It is a duty of the tenant created by the will of the parties and by no reasonable contemplation or expectation could reach to and include anyone but the promisee."

Appellants not being third party beneficiaries to the contract sued upon and having no other connection therewith, the court below acted correctly in sustaining appellee's demurrer.

Judgment affirmed.