# Farmers National Bank of Ephrata, Appellant, v. Employers Liability Assurance Corporation, Ltd.

Argued November 12, 1963. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Daniel H. Shertzer,* for appellant.

*John Milton Ranck,* with him *Charles Foltz Herr,* and *Appel, Ranck, Herr & Appel,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 17, 1964:

The plaintiff-appellant filed an action of assumpsit against the defendant-appellee, Employers Liability Assurance Corporation, Ltd. In April of 1961, the plaintiff recovered a judgment against the Myerstown Bank and Trust Company of Myerstown, Executor of the Last Will and Testament of Willis E. Bernhardt. The amount of the judgment was $14,600, arising out of the death, on January 6, 1958, of appellant's decedent, James S. Root, Jr., caused by the negligence of the decedent, Willis E. Bernhardt. Root, immediately prior to his death, was employed by one Barnett, a contractor for whom Bernhardt was a subcontractor. Barnett and Bernhardt had contracted that Bernhardt was to provide liability indemnity insurance to inure to the benefit of Barnett. The judgment has not been paid and the plaintiff-appellant has brought the instant action to recover the amount of the judgment.

At the time of the accident which resulted in the death of James S. Root, Jr., Willis E. Bernhardt was insured by a liability insurance policy issued by the defendant-appellee, Employers Liability Assurance Corporation, Ltd. At the conclusion of the trial, the trial judge directed a verdict for the appellee. Appellant's motions for new trial and judgment n.o.v. were refused and judgment entered on the directed verdict. This appeal followed.

The date of the accident was January 6, 1958. On September 10, 1958, Bernhardt gave notice to the insurance company that an accident had occurred. This notice was given eight months and four days after the occurrence of the accident. Appellees denied coverage for want of notice as required by the policy.

The policy provided, inter alia, in Paragraph 9, under the title "Notice of Accident", that notice and details of the accident must be given to the insurance carrier "as soon as practicable". It is our opinion that notice should have been given within a time period of less than eight months. We interpret "as soon as practicable" to mean within a reasonable time depending upon the circumstances. *Hachmeister, Inc. v. Employers Mutual Liability Co. of Wisconsin,* 403 Pa. 430, 169 A. 2d 769 (1961), and cases cited therein. Eight months without any unusual circumstance is not a reasonable time to give notice. This condition in the policy was designed to give the insurance carrier an opportunity to make a reasonable investigation of the accident.

The appellant admits that notice was not given until eight months after the accident; however, it contends that the appellee waived its right of notice due to the conduct of one Brown, a claims adjuster in the employ of the appellee. The evidence on this point is that in the spring of 1955, an employee of Bernhardt was operating a bulldozer on a construction job. While

on this job, the employee damaged some property of the contractor. The contractor made a claim against Bernhardt. This claim was investigated by Gregory Brown, a claims adjuster for the appellee. Brown advised Bernhardt that Bernhardt was not liable for the damage and thus the insurance carrier appellee was not responsible, and further, that Bernhardt should not bother the carrier with notice in a case of that kind. Thus the appellant reasons the appellee has waived its right to any notice under the terms of the policy. The issue then is, may an insurance adjuster waive the conditions in a policy requiring notice in all future claims of a certain type against the insured? It is also to be pointed out in connection with this argument that Paragraph 13 of the policy provides that the knowledge or notice to any agent of the company shall not effect a waiver of the expressed provisions of the policy. This provision would not necessarily excuse the insurance carrier from liability under its policy for knowledge or acts of its authorized agents. Depending on the circumstances, a corporation can be bound by the acts of its authorized agents. However, the acts out of which it is suggested a waiver arose are extraordinarily remote. These events occurred three years prior to the present case. They were not made by a usual contracting party for the insurance carrier but by a claims adjuster. Bernhardt should not have relied on the assertions of Brown, the claims adjuster, made three years earlier and concerning a dissimilar situation. We must, therefore, conclude that the acts of Brown did not constitute a waiver of the requirement of reasonable notice.

The final point raised by the appellant is that failure of Bernhardt to give notice to his insurance carrier cannot prejudice the rights of a third party beneficiary. This question has been before this court on many occasions and is controlled by *Silverman v. Food*

*Fair Stores, Inc.,* 407 Pa. 507, 180 A. 2d 894 (1962). In the *Silverman* case, we held that for anyone to be a third party beneficiary entitled to recover on a contract, both parties to the contract must so intend and indicate that intention in writing. The contract between Bernhardt and Root's employer was never intended to cover Root. The indemnity contract in this case was intended to protect Root's employer, not Root.

Judgment affirmed.