## Potato City, Inc. v. State Highway and Bridge Authority (No. 2)

*Howard B. Fink, Jr.,* for plaintiff.

*Edward Hosey, Assistant Attorney General,* for State Highway and Bridge Authority.

*Robert R. Rice,* for contractors.

HERMAN, J., April 22, 1968.—Potato City, Inc., the owner and operator of a hotel situate on U. S. Route 6, east of Coudersport, Potter County, Pa., filed a complaint in equity against Robert G. Bartlett, Secretary of Highways, Commonwealth of Pennsylvania; Stabler Construction Company and Central Pennsylvania Quarry, Stripping and Construction Company (the two corporate defendants hereinafter called "contractors") praying that this court "grant a mandatory injunction to compel the Defendants, jointly and/or severally to immediately do whatever is necessary to maintain traffic along Route 6 from Denton Hill to Walton or the east extremity of the construction along said highway" and to grant such other equitable relief as the court deems fair and equitable under the circumstances.

After preliminary objections of defendants had been disposed of on January 8, 1968, 43 D. & C. 2d 725, answers were filed and a hearing held before the chancellor. At the hearing, the only witness called was Donald G. Betz, President and Manager of Potato City, Inc., who, after preliminary statements, testified over objections to conversations with a Mr. Stanton Funk, a District Engineer for the Department of Highways, with V. W. Anckaitis, Chief Engineer of the Department of Highways, Carl Fleming, Superintendent for Central Pennsylvania Quarry, Stripping and Construction Co., Thomas Shon, Project Engineer for the Department of Highways, and Secretary of Highways Robert G. Bartlett, all of which testimony was offered for the purpose of establishing that Potato City was a donee-beneficiary of *one clause*[1] in the construction contract between Stabler and Central Pennsylvania Quarry on the one hand and the State Highway and Bridge Authority[2] on the other, and thus to establish its right to relief. This proffered testimony was incompetent as violative of the parol evidence rule and without it plaintiff has failed to meet its burden of proof and the suit should be dismissed.

Assuming for the sake of argument, however, that the proffered testimony was competent, nevertheless, the relief sought should be denied.

---

[1] This clause, "Detours, as shown on sheet 3 of the drawings, will be provided for through traffic during construction, but shall be removed by December 1, 1967, and traffic shall be maintained from that date to completion of the project", was not complied with on the direction of the chief engineer.

[2] Although the suit was against Bartlett, Secretary of Highways, and the complaint alleges a contract between the Commonwealth and the contractors, a proper amendment at the hearing was permitted without objection of any party.

Considering first the admissibility of the evidence, we must remember that we are concerned with a formal written construction contract of over 100 pages calling for an expenditure of some $2,800,000 by the Commonwealth of Pennsylvania through an Authority for the construction of a part of the State highway system, and it is the isolated "detours" clause naming no beneficiary which plaintiff wants to explain and enlarge by parol evidence.

The law is clear that "where parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the *only* evidence of their agreement":[3] Gianni v. R. Russell & Co., Inc., 281 Pa. 320 (1924). In that case, it is further said at page 324:

"[W]here the cause of action rests entirely on an alleged oral understanding concerning a subject which is dealt with in a written contract, it is presumed that the writing was intended to set forth the entire agreement as to that particular subject. 'In deciding upon this intent [as to whether a certain subject was intended to be embodied by the writing], the chief and most satisfactory index . . . is found in the circumstances whether or not the *particular element of the alleged extrinsic negotiation is dealt with at all* in the writing. If it is mentioned, covered, or dealt with in the writing, then presumably the writing was meant to represent all of the transaction on that element . . .' ". (Emphasis the Supreme Court's.)

See also IX Wigmore on Evidence, §2430 (3rd ed., 1940), where it is said by the learned author that this test is the one used by most careful judges rather than the looser and incorrect inquiry as to whether the alleged extrinsic negotiations *contradicts* the terms of the writing.

---

[3] Emphasis ours throughout unless otherwise indicated.

"Where a third person not a party to an instrument claims rights or benefits thereunder and seeks to take advantage thereof, the parol evidence rule applies to him as much as to a party, and he is not entitled to introduce evidence to vary or contradict the writing": Johnson v. Stewart, 243 Pa. 485, 499 (1914). See also Grubb v. Rockey, 366 Pa. 592 (1951); Crew Levick Company v. Philadelphia Investment Building and Loan Association, 117 Pa. Superior Ct. 397 (1935).

Ferita v. Farrise, 360 Pa. 382 (1948), cited by plaintiff, we feel is clearly distinguishable. There, a contract for the purchase of realty was executed by two persons, one a minor. Down payment of $2,600 was paid and then the minor sought to disavow his contract and obtain the down payment. The agreement did not indicate which of the prospective purchasers had paid the down payment, and so plaintiff sought to show by parol that he had paid it all. It was held that this was proper, since the agreement gave no indication as to how much either had paid and that it would have been unnatural and abnormal to so indicate in the agreement.

In the instant case, had it been the intent of the parties that the clause should benefit any individual or group of individuals, as distinct from the general traveling public, it certainly would have been natural and normal to name the individual or the group.

If we should assume that the rejected testimony were competent, still plaintiff has failed to sustain its burden that it is a third-party beneficiary entitled to recover on this contract, for there is no evidence at all either in the contract or by testimony that either of the contractors intended that Potato City be a third-party beneficiary and, at best, the objected-to testimony of plaintiff indicates that it is an *incidental*

beneficiary and, as such, has no rights under the contract.

One of the leading cases in Pennsylvania on this question is Spires v. Hanover Fire Insurance Co., 364 Pa. 52, 56-7 (1950), where Mr. Justice Stern, later Chief Justice, said:

"To be a third party beneficiary entitled to recover on a contract it is not enough that it be intended by *one* of the parties to the contract and the *third person* that the latter should be a beneficiary, but *both parties to the contract* must so intend and must indicate that intention in the contract; in other words, a promisor cannot be held liable to an alleged beneficiary of a contract unless the latter was within his contemplation at the time the contract was entered into and such liability was intentionally assumed by him in his undertaking; the obligation to the third party must be created, and must affirmatively appear, in the contract itself . . .". (Emphasis the Supreme Court's)

The justice then goes on to say that the fact that plaintiffs there *incidentally* benefited from the contract would not give them a right to recover by virtue of any arrangement between them and one party to the contract where the other party to the contract assumed no obligation to them in the contract. To the same effect is Van Cor, Inc. v. American Casualty Company of Reading, 417 Pa. 408 (1965); Silverman v. Food Fair Stores, Inc., 407 Pa. 507 (1962).

In the Van Cor case, by a per curiam opinion, the court said, in part, quoting from Reed v. Adams Steel & Wire Works, 57 Ind. App. 259, 106 N. E. 882:

" 'In order to entitle a person to maintain an action on a contract to which he is not a party, it must clearly appear that it was the purpose of the contract to impose an obligation on one of the contracting parties in favor of the person claiming the right of action" . . .

" 'That this is the law of Pennsylvania is clear from a reading of many of our appellate decisions . . .' ": Van Cor, Inc. v. American Casualty Company of Reading, 417 Pa. 408, 412.

See also 17 Am. Jur. 2d, Contracts §§304-06 (1964).

There is still another reason why plaintiff cannot here prevail. It is clearly established that " 'the rights of the third person, like the rights of the promisee, must be limited by the terms of the promise. . . . Broadly speaking, not only must any formal requirements be complied with, but the beneficiary also takes subject to the due performance of all express and implied conditions affecting the promise in which he is interested': 2 Williston on Contracts (Revised Ed.), §364(a)": Williams v. Paxson Coal Co., 346 Pa. 468, 471 (1943).

The specifications which are part of the contract in the instant case clearly provide that the Chief Engineer of the Department of Highways shall have the authority to suspend the work wholly or in part due to unsuitable weather or other conditions considered unfavorable for the suitable prosecution of the work. This we conceive as being a condition to which plaintiff was subject if he were a third-party beneficiary and the chief engineer, having, on December 1, 1967, directed the temporary cessation of work on the road and the continuance of the detours rather than the maintenance of through traffic, plaintiff would have no cause of action.

### FINDINGS OF FACT

1. Plaintiff is not a party to the contract between Stabler Construction Company and Central Pennsylvania Quarry, Stripping and Construction Co., and the State Highway and Bridge Authority dated February 3, 1967, but is claiming rights thereunder.

2. The said contract with the specifications provides in detail for the construction of a portion of State

highway known as Route 6, in Potter County, Pa., from Walton to the Denton Hill area a distance of approximately six miles for the sum of approximately $2,800,000.

3. One clause in the contract, without naming any possible beneficiaries thereof, provides for the removal of detours by December 1, 1967, and the maintenance thereafter of traffic on the road under construction until the completion of the project.

4. On December 1, 1967, the Chief Engineer of the Department of Highways, of the Commonwealth of Pennsylvania, by letter to the two construction contractors ordered the cessation of all operations, the continuance of the detours and the continued closing of the road under construction.

5. Thereafter, traffic was not maintained on the road under construction.

### CONCLUSIONS OF LAW

1. Plaintiff is not a third-party beneficiary of the clause concerning detours in the contract of February 3, 1967, between Stabler Construction Company and Central Pennsylvania Quarry, Stripping and Construction Co., and the State Highway and Bridge Authority, but is claiming rights thereunder.

2. Plaintiff is, at best, an incidental beneficiary of the said clause in the said contract and, as such, has no right of action under the contract.

3. Plaintiff's equity suit should be dismissed.

### DECREE NISI

And now, April 22, 1968, the complaint in equity in this matter is dismissed at the cost of plaintiff.

The prothonotary is directed to enter this decree nisi and to notify the parties to this proceeding or their counsel forthwith. If no exceptions are filed within 20 days after the notice of filing hereof, the decree nisi may be entered by the prothonotary as the final decree.