## Holly Construction Co., Inc. v. Pottsgrove School Authority

*William P. Manning, Jr.*, and *Fred C. Aldridge, Jr.*, for plaintiffs.

*William B. Koch* and *Arthur W. Leibold, Jr.*, for defendants.

HONEYMAN, J., February 13, 1969.—Holly Construction Co., Inc., who is plaintiff and a general con-

tractor, instituted an action in assumpsit against Pottsgrove School Authority, Skyway All-Weather Crete Co. (an insulation subcontractor) and Everett Associates who were the architects. Everett filed preliminary objections in the nature of a demurrer and an objection to venue. This opinion supports an order disposing of these preliminary objections, oral argument before the court en banc having been heard, and briefs submitted.

On June 30, 1966, plaintiff general contractor entered into a contract with the Pottsgrove School Authority for alterations and the construction of an addition to the Ringing Rocks Elementary School. On or about December 15, 1966, the general contractor and defendant insulation subcontractor commenced placing poured insulation on the roof deck of the building, but, after several attempts, the method of roof insulation was abandoned as impossible of performance. The owner allegedly refused to allow the general contractor to continue with the work on the roof insulation from December 15, 1966, until April 15, 1967.

As the result of the delay caused by the change in roofing materials the general contractor suffered alleged damages of $14,156.28. Since this opinion is only applicable to the cause of action between the general contractor (Holly) and the architect (Everett), discussion will be hereinafter restricted to that phase of the case.

Plaintiff's complaint, as directed against the architect, alleges no contract between them. Obviously, there was none. Plaintiff does allege in paragraph 10 of his complaint that "the aforesaid poured roof insulation was required in the plans and specifications prepared by defendant Everett and forming a part of the contract between plaintiff and defendant Pottsgrove". In paragraph 11, plaintiff alleges that it was not possible to apply the specified materials to the

roof. Then in paragraph 17, it is alleged that "Plaintiff was directed by defendant Everett on the instructions of Defendant Pottsgrove immediately to remove the poured insulation which had theretofore been placed, to replace it with rigid insulation and complete the remaining portions of roof insulation with rigid insulation." Nowhere in his brief does plaintiff allege that the contract between Everett and Pottsgrove contemplated, expressly or impliedly, that the contractor be a third party beneficiary to that contract, nor is it alleged that the promisor (Everett) was aware of this intention. See Keefer v. Lombardi, 376 Pa. 367 (1954).

Plaintiff makes, as bases for recovery, two distinct allegations. First, plaintiff contends that it is a third-party beneficiary of the architectural contract between Everett and Pottsgrove with respect to Everett's duties of general supervision and specifically Everett's duty to discharge promptly its arbitration obligations between the owner and plaintiff. Second, plaintiff contends that an implied contractual duty, by Everett to plaintiff to arbitrate promptly and to avoid unreasonably delaying the prosecution of the work, arises out of the provisions in the general conditions providing that the architect adjust and determine any disputes and make binding decisions on matters relating to the prosecution of the work.

There is no rational basis for concluding that plaintiff was a third party beneficiary of the contract between Everett and Pottsgrove. Whether or not the beneficiary has any rights under the contract between the promisor and promisee depends upon whether or not the promisee, in exacting the promise from the promisor, intended to confer any benefits upon the third person who will be benefited by the promisor's performance. If it appears from the terms of the promise, in view of the surrounding circumstances, that the promisee, in exacting the promise, did not intend to

confer any benefits upon the third person, then such third person is an incidental beneficiary and as such has no rights under the contract: Silverman v. Food Fair Stores, Inc., 407 Pa. 507 (1962); Restatement, Contracts §133 (1932).

In order to qualify as a third party beneficiary, it must also be shown that the promisor intended, and indicated in his contract with the promisee, that the third person was to be a beneficiary. In other words, a promisor cannot be held liable to an alleged beneficiary of a contract unless the beneficiary was within the promisor's contemplation at the time the contract was entered into so that such promisor could be said to have intended to assume such liability: Spires v. Hanover Fire Insurance Company, 364 Pa. 72 (1950).

Plaintiff has failed to set forth sufficient allegations in its complaint to prove that the promisor (Everett) intended to confer any benefits upon it or that it was anywhere intended or indicated, in the contract between Pottsgrove and Everett, that Everett was to assume any liability to plaintiff. In the case of Silverman v. Food Fair Stores, Inc., supra, a plaintiff was injured on the parking lot of defendant's store. Defendant had rented the premises from another and plaintiff attempted to predicate the liability of defendant on the basis of the lease between defendant and its lessor. The court, at 510, said in quoting from the trial court, "The present lease-contract does not contemplate or touch such beneficence to a third party as beneficiary. Rather, the intent is to benefit only the landlord in certain circumstances by holding him free from liability. The landlord is the one to be indemnified of any liability he might brace against." It must be concluded that the clause relied upon by plaintiff in the contract between Pottsgrove and Everett was intended to benefit Pottsgrove in the general administration of the construction of the building and to

avoid unnecessary delays and not to benefit any person not a party to that contract.

The cases cited by plaintiff are not authority for the proposition that an architect will be liable to a contractor when there is no contract between these two parties and when there is no basis for recovery as a third party beneficiary. In Edwards v. Hall, 293 Pa. 97 (1928), which was a suit in assumpsit instituted by the architect against the owner to collect his fee, the owner counterclaimed for losses (on a contract between the parties), resulting from delay by the architect in completing plans. The loss was sustained only by the owner. Thus the Edwards decision does not grant to a builder the right to sue the architect directly for breach of contract and does not eliminate the necessity for privity of contract: Keefer v. Lombardi, supra, held that three plaintiffs, as third party beneficiaries of a contract between the City of Philadelphia and the defendant contractor, could sue the contractor directly for damages incurred as the result of blasting. Keefer v. Lombardi, supra, and other cases which involve contracts with municipalities indicate that when it is required that there be a surety, such a contract for this protection is made specifically to benefit the citizens of the municipalities.

Since none of the cases cited by plaintiff show any basis for recovery against the architects on a third party beneficiary basis, plaintiff must rely on its second contention.

However, the complaint, as against the architects, fails to point out any basis whatsoever for the so-called "implied contractual duty" referred to in paragraph 28 of the complaint. Without such an implied duty, there is no basis for plaintiff to contend that it is waiving a tort and suing in assumpsit in the instant case: Nirdlinger v. American District Telegraph

Company, 245 Pa. 453 (1914) ; Goodman v. Schuler, 31 Lehigh 19 (1964).

ORDER

And now, February 13, 1969, the preliminary objections by defendants, Everett Associates, to plaintiff's complaint in the nature of a demurrer are sustained; the complaint is dismissed as to the individual defendants named trading as Everett Associates, but not as to the other two defendants.