Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, and Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, To Use of Holt Hauling and Warehousing Systems, Inc., Plaintiffs, v. Rapistan, Incorporated and Federal Insurance Company, Defendants.

502

Argued January 8, 1974, before President Judge
BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKIN-
SON, JR., MENCER, ROGERS and BLATT.

Robert H. Malis, with him W. William Anderson, Deputy Attorney General, for plaintiffs.

Gordon W. Gerber, with him William A. White and Dechert, Price & Rhoads, for defendants.

OPINION BY JUDGE BLATT, July 26, 1974:

In 1970 the Liquor Control Board (LCB) and Rapistan, Incorporated (Rapistan) entered into a contract whereby Rapistan agreed to construct and install, in the LCB's Philadelphia warehouse and for the sum of $875,300, a conveyor system capable of handling 25,000 cases of alcoholic beverages during an eight-hour period. Subsequently, the LCB entered into another contract with Holt Hauling and Warehousing Systems, Inc. (Holt) for the operation of the warehouse. That contract provided for Holt to be paid 13.8¢ for each case of alcoholic beverages handled through the warehouse and subsequently delivered to State Liquor Stores.

About October 1, 1970, Holt began using the Rapistan conveyor equipment in its warehouse operations. Almost immediately a dispute arose as to whether or not the equipment met the contract performance specifications, and the LCB refused to pay Rapistan the final $95,315.16 of the contract price, a sum which is still being withheld.[1] Because Holt was unable to ship 25,000 cases per eight-hour period, allegedly due to the failings of the Rapistan equipment, the LCB entered into modification agreements of its original contract

---

[1] On May 8, 1972, Rapistan initiated a proceeding before the Board of Arbitration of Claims seeking the balance of the purchase price.

with Holt, which required the LCB to pay Holt in excess of the contract rates and to reimburse Holt for additional expenses previously incurred. As part of its supplemental agreements, Holt agreed to waive its claims against the LCB and to discontinue an action against the LCB which it had begun before the Board of Arbitration of Claims. Additionally, the LCB agreed to institute this action against Rapistan.

The complaint of the LCB contains six counts seeking damages from Rapistan: (A) costs for the allegedly substantial modifications and upgrading required to make the conveyor system capable of meeting the contract standards; (B) recovery of additional money paid by the LCB to Holt allegedly because of the deficiencies in the equipment installed by Rapistan; (C) damages for breakage of the LCB's products allegedly caused by defects in the conveyor system; (D) the sum of the damages set forth in Counts A-C; (E) recovery from Rapistan's bonding company, the Federal Insurance Company (Federal), of the face amount of its performance bond; and (F) recovery for Holt of Holt's additional costs of operation over and above the amount the LCB has agreed to pay Holt.

Rapistan and Federal have filed preliminary objections to the LCB's complaint: (1) an objection as to jurisdiction and venue claiming that the complaint was not brought by the Commonwealth or an officer thereof acting within his official capacity, and further that the claim asserted in Count F "to the use of" Holt was not brought by the real party in interest and that this Court has no jurisdiction over a suit by Holt against Rapistan; (2) an objection raising the lack of capacity to sue and the pendency of a prior action because the contract at issue provides for the arbitration of all issues and also because the LCB is already engaged in an arbitration proceeding with Rapistan before the Board of Arbitration of Claims; (3) a demurrer to Counts B

and F on the basis that they concern only transactions between the LCB and Holt and create no rights, obligations or causes of action for or against Rapistan; (4) a demurrer to Count E on the basis that it fails to set forth any demand by the LCB that Federal perform or complete Rapistan's contract, fails to set forth any basis for calculation of damages and fails to set forth any basis of a claim; and (5) a motion for a more specific pleading as to Counts A and C.

In considering this matter, we must, of course, note that preliminary objections admit as true all facts which are well and clearly pleaded, as well as all inferences reasonably deducible therefrom, but not the pleader's conclusions or averments of law. *Reardon v. Wilbur*, 441 Pa. 551, 272 A.2d 888 (1971) ; *Commonwealth ex rel. Powell v. Aytch*, 10 Pa. Commonwealth Ct. 218, 309 A.2d 734 (1973).

The first objection raised by Rapistan involves our jurisdiction in the instant case. As provided in Section 401(a)(2) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, 17 P.S. §211.401 (a)(2) : "The Commonwealth Court shall have original jurisdiction of . . . [a]ll civil actions or proceedings by the Commonwealth or any officer thereof, acting in his official capacity, except proceedings under the Eminent Domain Code. . . ." Additionally, Pa. R.C.P. No. 2102(a) provides: "An action by the Commonwealth shall be brought in the name of the Commonwealth of Pennsylvania." The LCB is an agency of the Commonwealth, and in this instance is engaged in a governmental function. *Biello v. Pennsylvania Liquor Control Board*, 454 Pa. 179, 301 A.2d 849 (1973) ; *Merchants' Warehouse Company v. Gelder*, 349 Pa. 1, 36 A.2d 444 (1944). In fact Section 102(a) of the Appellate Court Jurisdiction Act, 17 P.S. §211.102(a) defines "Commonwealth" to include "departments, departmental administrative boards and commissions, of-

ficers, *independent boards* or commissions, authorities and other agencies. . . ." (Emphasis added.) Section 201 of the Liquor Code, Act of April 12, 1951, P.L. 90, 47 P.S. §2-201 provides that the LCB is an "independent administrative board." We believe that an action instituted on behalf of the LCB is within the jurisdiction of this Court but that it should be brought by the Commonwealth and not by the individual agency. This is merely a technical defect, however, which can be cured by amendment pursuant to Pa. R.C.P. No. 1033.

More substantial, however, is the issue of whether or not this action has been brought by and in behalf of the real party in interest. Rapistan alleges that the exhibits to the complaint demonstrate that the LCB brought this action solely for the benefit of Holt, that Holt is thus the real party in interest and that we would therefore have no jurisdiction. Pa. R.C.P. No. 2002 provides that all actions shall be prosecuted by and in the name of the real party in interest. "To be the real party in interest one must not merely have *an interest in the result of the action* but must be *in such command of the action* as to be legally entitled to give a complete acquittance or discharge to the other party upon performance." (Emphasis in original.) *Spires v. Hanover Fire Insurance Company,* 364 Pa. 52, 58, 70 A.2d 828, 831 (1950).

In considering the exhibits referred to by Rapistan, as well as the allegations made in the complaint, it would appear that, at least for some of the counts, the LCB is a proper plaintiff as the real party in interest. By purporting to bring a claim "to use of" Holt, however, the LCB was in error. Rule 2002 has abolished the use action except in two specific instances: 1) when the plaintiff is acting in a fiduciary or representative capacity or 2) when the plaintiff is a person with whom or in whose name a contract has been made for the benefit of another. Certainly the first exception does

not apply here and, as we shall consider more fully below, neither does the second.

The LCB argues that the agreement which it entered into with Rapistan was clearly intended to benefit the operator of the warehouse, and that Holt's successful bid for that activity entitled it to enforce the LCB-Rapistan contract in the event it was breached. The rule in Pennsylvania is that a third party not in privity to the original contract may sue as a creditor beneficiary. The application of this rule depends on whether the third party is in fact a creditor beneficiary. "For anyone to be a third party beneficiary entitled to recover on a contract both parties to the contract must so intend and must indicate that intention in the contract. . . . 'The question whether a contract was intended for the benefit of a third person is always one of construction. The intention of the parties in this respect is determined by the terms of the contract as a whole, construed in the light of the circumstances under which it was made.' " *Silverman v. Food Fair Stores, Inc.,* 407 Pa. 507, 509-510, 180 A.2d 894, 895 (1962). *See Farmers National Bank of Ephrata v. Employers Liability Assurance Corporation, Ltd.,* 414 Pa. 91, 199 A.2d 272 (1964); *Spires v. Hanover Fire Insurance Company, supra.* We have carefully considered the agreement between the LCB and Rapistan, and, while it certainly contemplates that Rapistan's equipment would be operated by a third party, we can find no clear indication that such third party was intended to have the status of a creditor beneficiary. At best, such third party would be simply an incidental beneficiary and would acquire no rights under the contract against either party thereto. *Burke v. North Huntingdon Township,* 390 Pa. 588, 136 A.2d 310 (1957).

It would seem clear, therefore, that Rule 2002 prevented Holt from being included herein as a "use" plaintiff. If Holt does in fact have a valid claim against

Rapistan, Holt, and not the LCB, would be the real party in interest and the proper party to institute an action pursuant thereto. This Court would not, of course, have jurisdiction over such a case, and the LCB cannot vest this Court with such jurisdiction by asserting a claim for the use of Holt. Count F, therefore, should be dismissed.

Similarly, Rapistan has demurred to Count B of the complaint, asserting that it concerns merely transactions between the LCB and Holt and bears no relationship to any claims which the LCB could assert against Rapistan under their agreement. As we discussed in our review of Count F, Holt has neither the status of a party nor of a creditor beneficiary under the contract. Count B is concerned solely with an agreement between the LCB and Holt whereby Holt was to be paid additional sums for handling the LCB's liquor. The complaint fails to allege any facts to show that this agreement between the LCB and Holt creates any contractual obligation by Rapistan either to the LCB or to Holt, and this objection, therefore, should be sustained.

Rapistan's next objection concerns the failure of the LCB to submit this matter to arbitration prior to instituting an action in this Court. One of the terms and conditions of the agreement was: "ARBITRATION All questions or disputes arising between the parties hereto with respect to any matter pertaining to this contract or any part thereto, or any breach of said contract arising thereunder, shall be referred to the Attorney General of the Commonwealth of Pennsylvania under Section 2408, of the Administrative Code of 1929, or the Board of Arbitration of Claims (as set forth in Act of May 20, 1937, P.L. 728) whichever the claimant shall elect, whose decision and award shall be final and binding and conclusive upon all parties hereto, except that either party shall have the right to appeal

from said decision and award as provided by law; *and all right or rights or any action at law or in equity and by virtue of this contract, and all matters connected with it and relative thereto are hereby expressly waived.* References to questions under this arbitration provision must be presented prior to the final payment to the Contractor or Contractors." (Emphasis added.) The public policy of this Commonwealth is to give effect to arbitration agreements, and where the parties by contract contemplate the settlement of disputes by arbitration, every reasonable intendment will be made in favor of the agreement. *Capecci v. Capecci, Inc.,* 11 Pa. D.&C. 2d 459 (1957), *aff'd* 392 Pa. 32, 139 A.2d 563 (1958). "If the agreed upon forums are available to the plaintiff and can do substantial justice to the cause of action . . . the plaintiff should be bound by the agreement." *Project Builders, Inc. v. Zeiders,* 87 Dauph. 344, 346 (1967).

The LCB argues that it is not obligated to abide by the above arbitration provision because the claimant may elect to refer its claim either to the Attorney General pursuant to Section 2408 of the Administrative Code of 1929[2] or to the Board of Arbitration of Claims,[3] and such an election is not available to the LCB. Specifically the LCB contends that the Board of Arbitration of Claims has no jurisdiction to hear claims brought by the LCB. Assuming this to be true, however, it does not affect the obligation of the LCB to refer to arbitration those disputes which arise under the contract. If it believes one of the procedures is not open, it should utilize the alternative procedure. Only if neither alternative were available, could we hold that a party might bypass the arbitration provision and institute an action before this Court. Rapistan's objec-

---

[2] Act of April 9, 1929, P. L. 177, *as amended,* 71 P.S. §638.

[3] Act of May 20, 1937, P. L. 728, *as amended,* 72 P.S. §4651-1 et seq.

tion on this issue will be sustained, and we can thus dismiss Counts A, C and D on this basis, because they are all based on the LCB-Rapistan contract and should be decided before the Board of Arbitration of Claims. The disposition of Count E involves recovery against Federal, the surety, and is dependent upon the disposition of those counts of the complaint which impute liability to Rapistan, the principal. The performance bond states: "NOW, THEREFORE, the condition of this obligation is such if the COMMONWEALTH shall award to the PRINCIPAL said Contract, and the PRINCIPAL *shall well and faithfully do and perform, according to the true intent and meaning of said contract,* all the obligations and conditions thereof specifically set forth in the proposal submitted herewith and said contract, . . . then this obligation shall be void and of no effect, otherwise it shall be and remain in full force and effect." (Emphasis added.) Recovery against the surety is dependent upon the performance (or nonperformance) of the principal, and, inasmuch as we have decided that the forum for that determination lies before the Board of Arbitration of Claims, we will likewise sustain an objection to Count E so that the entire controversy can be settled in one forum.

For the above reasons, therefore, we

### ORDER

Now, July 26, 1974, the complaint of the plaintiffs is hereby dismissed.