## Peifer v. McCarthy

*Henry S. Perkin*, of *Nabhan & Nabhan*, for plaintiffs.

*Anthony M. Muir*, of *Snyder, Doll & Schantz*, and *Rudolph Zieger, Jr.*, of *Walker, Thomas, Karess, Lipson and Zieger*, for defendants.

*A. T. Gillespie, Jr.*, of *Gillespie & Gillespie*, for additional defendants.

WIEAND, *J.*, October 29, 1974—This civil action is before the court on preliminary objections filed by additional defendants to a complaint filed against them by defendant, Jack McCarthy. The issue is whether plaintiffs and McCarthy, who are parties to a written construction contract containing an arbitration clause, can be compelled by additional defendants, who are strangers to the contract, to submit their dispute to arbitration.

The complaint avers that McCarthy agreed in writing to construct a dwelling house on land owned by plaintiffs, Harry Peifer and Ilse Peifer, husband and wife. In building the home, a driveway to the garage was laid out and constructed so as to encroach upon an adjacent tract of land not owned by plaintiffs. Plaintiffs instituted this action to recover damages from McCarthy and the sub-

contractor who did the work of constructing the driveway. McCarthy joined Leh Brothers, a partnership, and David W. Leh, an individual, as additional defendants on the grounds that they, being prior owners of the tract, had voluntarily but mistakenly pointed out the boundary lines of the property. It was this, McCarthy alleged, upon which he had relied in preparing plans for plaintiffs' home. The Leh preliminary objections complain that plaintiffs and McCarthy have not complied with an arbitration clause in their contract and assert, therefore, that they cannot maintain the instant action.

As a general rule, persons who are neither party nor privy to an arbitration agreement may not invoke its provisions. See 17A C.J.S., 869, §515(4). Thus, in Application of Peelle Company, 216 N.Y. Supp. 2d 869, a remote subcontractor was held not to be entitled to rely upon an arbitration clause in an agreement to which he was not a party.

Additional defendants argue that they should be considered third-party beneficiaries to the arbitration clause in the agreement. This argument is without merit. At best, additional defendants would be incidental beneficiaries who would acquire no rights against the parties to the contract: Mowrer v. Poirier & McLane Corp., 382 Pa. 2; Restatement, Contracts, §§133, 147.

For anyone to be a third-party beneficiary entitled to the right to enforce a contract, both parties to the contract must so intend and must indicate that intention in the contract: Farmers National Bank of Ephrata v. Employers Liability Assurance Corp., 414 Pa. 91, 95; Silverman v. Food Fair Stores, Inc., 407 Pa. 507, 509; Mowrer v. Poirier & McLane Corp., supra. The written contract in the instant case was never intended to benefit additional de-

fendants. Therefore, they cannot enforce the arbitration clause and insist that plaintiffs and McCarthy submit their dispute to arbitration. The decision of the parties to the contract to waive or ignore the mandate of the arbitration clause and commence an action at law does not prevent Lehs' joinder as additional defendants in such action.

## ORDER

Now, October 29, 1974, it is ordered that the preliminary objections filed by additional defendants be and the same are hereby dismissed.