HOLT HAULING AND WAREHOUSING SYSTEMS, INC.

v.

RAPISTAN, INC.

Civ. A. No. 76–580.

United States District Court,
E. D. Pennsylvania.

Feb. 17, 1978.

**992**

Richard W. Berlinger, of Malis, Tolson, & Malis, Philadelphia, Pa., for plaintiff.

Gordon W. Gerber, of Dechert, Price & Rhoads, Philadelphia, Pa., for defendant.

## OPINION

DITTER, District Judge.

The question in this diversity case is whether plaintiff's claim to be a third-party creditor beneficiary of a contract is barred by res judicata. For the reasons hereafter stated, I conclude plaintiff's arguments were fully considered by the courts of Pennsylvania which determined that under state law plaintiff was not a third-party beneficiary. Therefore, defendant's motion for judgment on the pleadings must be granted.

### I. Factual and Procedural Background[1]

In March, 1970, the Pennsylvania Liquor Control Board (PLCB) awarded to defendant, Rapistan, Inc., a contract for the furnishing and installation of a conveyor system to handle cases of liquor in a PLCB warehouse.[2] Five months thereafter, plaintiff, Holt Hauling and Warehousing Systems, Inc. (Holt), became the warehouse operator.[3] The system was installed on September 6, 1970, and warehouse operations began one month later. A dispute between Holt and PLCB on the one hand and Rapistan on the other arose almost immediately after the system was put into effect because it was not attaining those levels of production specified in Rapistan's bid proposal.[4] As a result, the final contract payment to Rapistan was withheld. In addition, Holt and PLCB entered into modification agreements, which required PLCB to pay Holt increased rates and to reimburse Holt for additional expenses. In return, Holt dropped an action it had instituted against PLCB before the Pennsylvania Board of Arbitration of Claims. PLCB then instituted an action on June 8, 1973, against Rapistan in the Pennsylvania Commonwealth Court,[5] advancing claims on its own behalf and also "to the use of" its

---

1. These facts are also set out in length in the opinions of the Commonwealth Court, *Commonwealth, Liquor Control Bd. v. Rapistan, Inc.*, 14 Pa.Cmwlth. 501, 323 A.2d 410 (1974), and the Pennsylvania Supreme Court, *Pennsylvania Liquor Control v. Rapistan, Inc.*, 472 Pa. 36, 371 A.2d 178 (1976).

2. Rapistan warranted in its bid proposal that 18,000 cases of liquor would be processed in an eight hour period for the first four weeks of operation, and thereafter 25,000 cases would be handled.

3. Holt's responsibilities were to handle the liquor cases in and out of the warehouse at a specified rate per case and to deliver from the railroad loading dock to PLCB stores at rates depending on store locations.

4. Holt alleges that the system averages only 12,000 cases per eight-hour shift. Complaint, paragraph 15, and that a test held on March 2, 1972, established the system's highest capability, under optimum conditions, at 16,853 cases. Defendant's Exhibit A, at p. 7a.

5. Since PLCB is an agency of the Commonwealth, *Biello v. Pennsylvania Liquor Control Board*, 454 Pa. 179, 301 A.2d 849 (1973), 17 P.S. § 211.102(a), and the Commonwealth Court maintains exclusive jurisdiction of all "civil actions or proceedings by the Commonwealth of any officer thereof, acting in his official capacity . . .," 17 P.S. § 211.401(a)(2), the action was clearly brought in the proper forum.

contractor, Holt.[6] With respect to its claim for Holt, PLCB asserted that Holt was a third-party beneficiary of the PLCB–Rapistan contract. Rapistan responded with preliminary objections, contesting Holt's status as a third-party beneficiary. The court agreed, finding that Holt was at best an incidental beneficiary which had acquired no rights under the contract. Therefore, PLCB had not shown Holt came within the Pa.R.C.P. 2002(b) exception which permits a party to a contract to enforce the rights of one whom the contract intends to benefit. The "use of" cause of action in the PLCB complaint was therefore dismissed.[7]

This dismissal was then appealed to the Pennsylvania Supreme Court, where the parties once again briefed and argued whether Holt was a third-party beneficiary. While awaiting the court's decision, Holt filed the present action, alleging that it was a third-party creditor beneficiary of the PLCB–Rapistan contract and seeking over $11 million in damages. Thereafter, the Pennsylvania Supreme Court affirmed the lower court decision with respect to Holt's status, while it reversed the dismissals of the other counts of the complaint. PLCB applied for reargument, urging the court to hear additional oral argument and to adopt a more liberal third-party beneficiary rule as the law in Pennsylvania. PLCB also requested permission to file an amended complaint which would contain sufficient additional facts to state a cause of action satisfactorily. Both the application for reargument and request for leave to amend the complaint were denied without opinion.

Defendant then filed the present motion for judgment on the pleadings, asserting that the Pennsylvania state courts had determined by final order that Holt was not a third-party beneficiary of the contract, has no cause of action against Rapistan, and is barred by res judicata and collateral estop-

pel from attempting to relitigate its case in this court. Plaintiff responds by arguing that the Pennsylvania Supreme Court never made a determination of its claim on the merits, but only agreed with the Commonwealth Court's determination that the complaint was deficient in certain respects under the state pleading rules, thereby divesting the Commonwealth Court of jurisdiction. In addition, Holt contends that Pennsylvania's restrictive view of third-party beneficiary law had been previously modified by the Pennsylvania Supreme Court, that the amended complaint would have fit within the modified law, and the court refused to allow an amendment because the jurisdictional barrier still would not have been overcome. Despite plaintiff's argument, I find that the state courts fully addressed its claim, concluding that it was not a creditor beneficiary of the PLCB–Rapistan contract. Moreover, I disagree that the law has been modified in the way plaintiff contends.

## II.  *The State Court Decisions*

The principal case outlining Pennsylvania's third-party beneficiary rule is *Spires v. Hanover Fire Insurance Co.*, 364 Pa. 52, 56–57, 70 A.2d 828, 830–31 (1950), where the court held:

> To be a third party beneficiary entitled to recover on a contract it is not enough that it be intended by *one* of the parties to the contract and the *third person* that the latter should be a beneficiary, but *both parties to the contract must so intend and must indicate that intention in the contract*; in other words, a promisor cannot be held liable to an alleged beneficiary of a contract unless the latter was within his contemplation at the time the contract was entered into and such liability was intentionally assumed by him in his undertaking; (footnote omitted) *the*

6.  Pa.R.Civ.P. 2002 provides that all actions shall be prosecuted by and in the name of the real party in interest. However, an action can be brought "to the use of" another party when: 1) plaintiff is acting in a fiduciary or representative capacity or 2) plaintiff is a person with whom or in whose name a contract has been made for another's benefit.

7.  The court also dismissed the remainder of PLCB's action on the ground that the agency should have submitted the matter to arbitration prior to instituting the action in Commonwealth Court.

*obligation to the third party must be created, and must affirmatively appear, in the contract itself* . . . (emphasis supplied).

See also *Burke v. North Huntingdon Twp. Municipal Authority*, 390 Pa. 588, 596, 136 A.2d 310, 314–15 (1957). Criticism of the requirement that the intent to benefit a third party must be expressed in the contract itself has been growing, however, and an argument could be made that Pennsylvania is retreating from the rigid *Spires* rule. In *Silverman v. Food Fair Stores, Inc.*, 407 Pa. 507, 509–10, 180 A.2d 894, 895 (1962), Justice O'Brien found that

> "[t]he question whether a contract was intended for the benefit of a third person is always one of construction. The intention of the parties in this respect is determined by the terms of the contract as a whole, construed in the light of circumstances under which it is made." 12 Am. Jur., Contracts § 20, p. 832, § 280, cited in *Mowrer v. Poirier & McLane Corp.*, 382 Pa. 2, 114 A.2d 88 (1955).

Yet two years later, in a case interpreting an insurance policy, Justice O'Brien explained his ruling in *Silverman* by stating that "for anyone to be a third party beneficiary entitled to recover on a contract, both parties to the contract must so intend and indicate that intention in writing." *Farmers National Bank of Ephrata v. Employers Liability Assurance Corp., Ltd.*, 414 Pa. 91, 95, 199 A.2d 272, 274 (1964). Judges Cercone and Jacobs, dissenting in *Hillbrook Apartments, Inc. v. Nyce Crete Co.*, 237 Pa.Super. 565, 579, 352 A.2d 148, 155 (1975), argued that the rule was nothing more than "an exposition of an archaic view of the parol evidence rule" and out of tune with the clear weight of authority.

The Commonwealth Court was apparently aware of this criticism and cited *Silverman* for the proposition that the parties' intention must be determined by reference to the contract and the circumstances under which it was made. But it is clear that the court applied the *Spires* standard:

> We have carefully considered the *agreement between the LCB [PLCB] and Rapistan*, and, while it certainly contemplates that Rapistan's equipment would be operated by a third party, *we can find no clear indication that such third party was intended to have the status of a creditor beneficiary*. At best, such third party would be simply an incidental beneficiary and would acquire no rights under the contract against either party thereto (emphasis added). *Commonwealth, Liquor Control Bd. v. Rapistan, Inc.*, supra, 14 Pa.Cmwlth. at 507, 323 A.2d at 414.

On appeal, the Pennsylvania Supreme Court was faced with the identical issue: Holt and PLCB argued that the law in Pennsylvania should be modified to reflect the more liberal standard of referring to the circumstances under which the contract was made. In addition, they requested the court adopt the rule for intended beneficiary status set forth in Section 133 of the Restatement (Second) of Contracts (Rev. ed. Tentative Drafts 1–12, 1977).[8] Under this provision of the Restatement, the court concluded, a third party can be found to be an intended beneficiary only if it can reasonably rely on contract provisions which manifest an intent to confer rights on the third party. Thus, although this Restatement provision does not require that the intent be specifically expressed, sufficient evidence still must be presented to permit a reasonable reliance. The court found, however, even accepting plaintiff's legal position, that insufficient facts had been alleged for it to find that PLCB and Rapistan intended to confer on Holt a right to Rapistan's performance:

8. Section 133 provides:

> (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if
>
> (a) the performance of the promise will satisfy a duty of the promisee to the beneficiary; or

> (b) the promisee manifests an intention to give the beneficiary the benefit of the promised performance and recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties.
>
> (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

The PLCB–Rapistan *contract* makes no mention of any third party beneficiary, and the PLCB has only alleged that Rapistan was aware that a third party would operate the equipment. This by itself is insufficient. Nowhere in the *contract* or the *complaint* is it shown or alleged that the PLCB intended to use Rapistan's promise to build the conveyor system to discharge a contractual duty to a third party. There is no indication that either the PLCB or Rapistan intended a right to flow from their contract directly to a third party. In these circumstances, Holt could not reasonably assume that the parties intended to confer on it a right to Rapistan's performance. Thus, Holt is not an intended beneficiary . . (emphasis added). *Pennsylvania Liquor Control v. Rapistan, Inc.*, supra, 472 Pa. at 46, 371 A.2d at 183.

PLCB's petition for leave to file an amended complaint was subsequently denied without opinion. The parties differ over the meaning of that denial. Plaintiff argues that the court apparently deemed allowance of an amended complaint a useless gesture, because the Commonwealth Court had no jurisdiction to dispose of the issues between Holt and Rapistan, and, therefore, an amendment would not solve the jurisdictional barrier. Defendant argues Pennsylvania's third-party beneficiary law is still that which was set forth by *Spires*, a barrier not to be overcome by amending the complaint. I agree with Rapistan.

First, the Pennsylvania Supreme Court did not adopt a new third-party beneficiary law. While it is clear that the court discussed the legal arguments advanced by plaintiffs, recognized the growing criticism of the *Spires* rule, and applied the "circumstances" and Restatement theories to the facts of the case, it did so only for the purpose of discussion. There was no af-firmative ruling reversing the standard set out in *Spires* nor was the "surrounding circumstances" test specifically accepted as an alternative basis for finding the required intent to confer a benefit.[9] Although it has been attacked by several lower courts, *Spires v. Hanover* has been firmly entrenched as the law in Pennsylvania since 1950. Until the Pennsylvania Supreme Court modifies the law it has previously announced, there is no basis for me to assume it has been changed and certainly none to change it.[10]

Second, although the Supreme Court's reason for denying leave to amend is a matter for conjecture, Holt's argument that amendment was refused because it would not confer jurisdiction is not persuasive. Neither the Supreme Court nor the Commonwealth Court said the Commonwealth Court would not have jurisdiction in a case where PLCB was seeking to enforce a contract for the benefit of a third party. The Commonwealth Court dismissed on the merits of Holt's claim—it found Holt was not a third-party beneficiary and thus the "to the use" of aspect of the complaint before it could not be entertained. The Commonwealth Court did not say it could never address such an issue, only that the PLCB–Rapistan contract did not confer a benefit on plaintiff. The Supreme Court's affirmance and subsequent refusal of leave to amend can most reasonably be interpreted to mean one of two things:

(1) The Supreme Court was simply affirming that *Spires* was still the law of Pennsylvania and, therefore, the additional facts to be alleged in the amended complaint would not supply the requisite intent to the contract; or

(2) The facts alleged in the amended complaint would not be sufficient even under the "surrounding circumstances" test.

9. See Plaintiff's Supplemental Memorandum, p. 1.

10. Holt cites *Department of Transportation v. Bethlehem Steel Corp.*, 28 Pa.Cmwlth. 214, 368 A.2d 888 (1977), for support. I find the case inapposite. The factual situations are only slightly similar and the court in that case did not purport to change Pennsylvania's third-party beneficiary law.

In either case, the Supreme Court addressed the merits of plaintiff's position and decided against it.

### III. Plaintiff's Claim is Barred by the Doctrine of Res Judicata

■ Defendant asserts that because plaintiff's claim was considered on the merits, the Supreme Court ruling is res judicata to this action. Because I have concluded the state courts did address Holt's claims on the merits, plaintiff's present action must be barred.

■ It is well-settled that for the doctrine of res judicata to prevail, there must be a concurrence of four conditions: 1) identity in the thing sued upon; 2) identity of the cause of action; 3) identity of persons and parties to the action; and 4) identity of the quality or capacity of the parties suing or sued. *Safeguard Mutual Insurance Co. v. Williams*, 463 Pa. 567, 574, 345 A.2d 664, 668 (1975); *Stevenson v. Silverman*, 417 Pa. 187, 190, 208 A.2d 786, 787–88 (1965); *Albright v. Wella Corp.*, 240 Pa.Super. 563, 568–69, 359 A.2d 460, 463 (1976). There can be no doubt that this action is an attempt to reopen and relitigate the same cause of action presented to the state courts and that all the conditions enumerated above exist in the present situation. Holt is still attempting to recover the damages [11] it incurred by reason of the alleged failure of the Rapistan conveyor system. The cause of action is identical since plaintiff claims it is a third-party beneficiary of the PLCB-Rapistan contract. Identity of persons and parties to the action is likewise met; although Holt was technically a "use" plaintiff, it was in privity with PLCB in the state action, at least with regard to Holt's claim for damages advanced by PLCB. Finally, the capacity of the parties suing is identical because Holt's claim for damages in both actions is asserted in this action in its capacity as a third-party beneficiary as it was in the state action.

■ Once it is determined that these four identities exist, the only remaining inquiry for a court is to determine "whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appear and assert their rights." *Thompson v. Karastan Rug Mills*, 228 Pa.Super. 260, 266, 323 A.2d 341, 344 (1974), quoting *Callery v. Blythe Twp. Municipal Authority*, 432 Pa. 307, 312, 243 A.2d 385, 387 (1968). As stated previously, such an opportunity was present in the prior proceeding and Holt's claim was decided on the merits. Res judicata is a doctrine based on public policy which seeks to prevent a party from twice being vexed on the same cause. Defendant, if subjected to this issue again, would be in that position. Under the facts of this case, res judicata precludes further proceedings.[12]

---

11. Identity in the thing sued for does not change because plaintiff had added dollars to its claim. *Kiely v. J. A. Cunningham Equipment, Inc.*, 387 Pa. 598, 600–01, 128 A.2d 759, 760 (1957). See also *Stevenson v. Silverman*, supra, 417 Pa. at 192, 208 A.2d at 788. In the Commonwealth Court action, PLCB attempted to recover $5,117,832 to the use of Holt; here, plaintiff is claiming $11,761,887.79 in damages.

12. Because I agree with Rapistan's argument with regard to res judicata, I need not consider its other asserted basis for judgment on the pleadings, i. e., collateral estoppel. However, if faced with the issue, I would find that this principle would also bar the present action.

The doctrine of collateral estoppel is a broader concept requiring only the same issue of fact and the same party or privy against whom the defense is invoked. The cause of action need not be the same nor need the parties have a balance of identity. *Thompson v. Karastan Rug Mills*, supra, 228 Pa.Super. at 266, 323 A.2d at 344–45. As my previous discussion states, the issues of fact and the parties or privies are identical. Accordingly, collateral estoppel would also preclude continuation of this suit.