**Scarborough v. Cartex, Inc.**

*A. Balfour Smith*, for plaintiff.
*John W. Stahl*, for defendant.
*William B. Moyer, Ralf Gilbert* and *Joseph R. Thompson*, for additional defendant.

BECKERT, *P.J.,* March 23, 1978—In this trespass action arising out of injuries sustained by plaintiff while working to replace the fire-damaged roof of a building owned by original defendant Cartex, a complaint was filed by Cartex to join Downborough, Inc., plaintiff's employer, as an additional defendant. Downborough has filed preliminary objections in the nature of a demurrer, alleging its immunity from suit under The Pennsylvania Workmen's Compensation Act of June 2, 1915, P.L. 736, as amended December 5, 1974, P.L. 782, sec. 6, 77 P.S. §481.

Additional defendant-employer relies upon the recent case Hefferin v. Stempkowski, 247 Pa. Superior Ct. 366, 372 A. 2d 869 (1977), which construed the 1974 amendment to the aforesaid act as a legislative pronouncement that the act was intended to be a complete substitute for common law tort actions, so as to grant an employer immunity from suit and bar its joinder as an additional defendant in an action by an employe against a third party (here, the owner of the premises where the accident occurred). Plaintiff counters by alleging that the employer Downborough, Inc. has removed itself from the protection offered under the act by virtue of its having entered into a written contract with the original defendant, obligating Downborough to carry insurance as follows:

"15. INSURANCE. If this order calls for work to be performed at the construction site, Seller shall procure and maintain during the entire progress of such work full and unlimited workmen's compensation and employer's liability insurance, public liability and property damage insurance in limits and with a carrier or carriers satisfactory to Buyer, and shall furnish Buyer with certificates of such insurance before commencing such work. The insurance shall provide that the policy shall not be cancelled or reduced in coverage until ten days after written notice shall have been given to Buyer of cancellation or reduction in coverage. All insurance required hereunder shall name Buyer as an additional insured."

We are bound to accept original defendant's argument that the employer has expressly assumed certain contractual obligations as between itself and original defendant. Nowhere, in the pleadings or elsewhere, has Downborough thus far denied that it obligated itself to the provision of the clause quoted above relating to insurance, which interestingly enough was included as a second page of a purchase order. In ruling upon preliminary objections we must keep in mind that they admit as true all well-pleaded facts in the complaint: Pa. Liquor Control Board v. Rapistan, Inc., 14 Pa. Commonwealth Ct. 501, 323 A. 2d 410 (1974).

Thus, insofar as the complaint against additional defendant Downborough in count I sets forth a cause of action founded upon breach of contract, it is sufficient to withstand the preliminary objections raised. However, the cause of action pleaded in count II alleging Downborough's negligence and liability over to original defendant sounds in trespass and clearly appears to fall within the proscrip-

tion of section 481(b) of The Workmen's Compensation Act, so that the demurrer to that count must be sustained.

We feel bound to question, however, on our own motion, the propriety of combining in original defendant's complaint allegations sounding in both trespass and assumpsit. Although this action is captioned in trespass, the averments pleaded in count I in reality lie in assumpsit. Pa.R.C.P. 2229(b) limits joinder of defendants to situations where " . . . any common question of law or fact affecting the liabilities of all such persons will arise in the action." In Dwyer v. American Properties, Inc., 3 D. & C. 3d 378 (1977), preliminary objections to a complaint with counts in both trespass and assumpsit were sustained where the trespass count alleged false and fraudulent representations which induced plaintiffs to complete a real estate settlement, and the assumpsit count sought recovery under a homeowner's insurance policy for monetary losses which arose out of the same occurrence. Notwithstanding the fact that the two claims by plaintiffs arose from the same occurrence, the court focused upon the absence of a common question of law or fact affecting the liability of both defendants (quoting from 7 Goodrich-Amram 2d §2229(b): 5) and found the complaint to be defective.

Applying the Dwyer test here, we likewise are led to conclude that inclusion of count I, which in substance states an assumpsit claim, is improper in this trespass action. The combining of the totally divergent issues raised would undoubtedly result in the need for hopelessly complex and confusing jury instructions at trial. Weighing this consideration against the countervailing need to avoid unneces-

sary multiple litigation, we feel the former to be of paramount importance.

## ORDER

And now, March 23, 1978, the preliminary objections of additional defendant Downborough, Inc. to defendant's complaint are hereby sustained and the complaint is dismissed as to that defendant, without prejudice to defendant's right to proceed on the averments of count I in another action.